IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| SHERWIN ALUMINA COMPANY, LLC, *et al.*, | Case No. 16-20012 |
| Debtors. | (Jointly Administered) |
|  | **David R. Jones** |
| CORPUS CHRISTI ALUMINA LLC, as assignee of SHERWIN ALUMINA COMPANY, LLC, | Adv. Pro. No __-____ |
| Plaintiff, |  |
| v. | **COMPLAINT** |
| EXXON MOBIL CORPORATION |  |
| Defendant. |  |

Corpus Christi Alumina LLC ("Plaintiff"), as assignee of Sherwin Alumina Company, LLC ("Sherwin"), by its undersigned attorneys, files this complaint (the "Complaint") against Exxon Mobil Corporation (the "Defendant"), and in support thereof alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Chapter 11 cases of Sherwin and its affiliated debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

30289059

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because Sherwin's Chapter 11 case is pending in the Southern District of Texas.

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

8. Plaintiff is a limited liability company organized under the laws of Delaware.

9. Upon information and belief, Defendant may be served at the following address:. Exxon Mobil Corporation, 5959 Las Colinas Boulevard, Irving, TX 75039-2298.

## FACTUAL BACKGROUND

10. On January 11, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), commencing cases captioned *In re Sherwin Alumina Company, et al.*, Case No. 16-20012 (DRJ). The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

11. On February 17, 2017, the Court entered the *Order (I) Approving the Adequacy of Disclosure Statement for the Debtors' Modified Joint Chapter 11 Plan and (II) Confirming Debtors' Modified Joint Chapter 11 Plan* [Docket No. 1194] (the "Confirmation Order") confirming the *Debtors' Modified Joint Chapter 11 Plan* [Docket No. 1178] (as modified, amended, and including all supplements, the "Plan").

12. Pursuant to Article IV.O of the Plan, as approved by the Confirmation Order, the causes of action asserted herein were assigned to Plaintiff.

13. The effective date of the Plan occurred on February 27, 2017. [Docket No. 1201].

14. Upon information and belief, during the 90 day period prior to the Petition Date, Sherwin made transfers (the "Avoidable Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit 1**, which is expressly incorporated by reference into the Complaint.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

17. During the 90 day period prior to the Commencement Date, Sherwin made the Avoidable Transfers to the Defendant on the dates, and in the amounts, listed on **Exhibit 1**.

18. The Avoidable Transfers were made to or for the benefit of Defendant, a creditor of Sherwin.

19. The Avoidable Transfers were for or on account of antecedent debts owed by Sherwin to Defendant before such transfers were made.

20. The Avoidable Transfers were made at a time when Sherwin was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

21. The Avoidable Transfers enabled the Defendant to receive more in satisfaction of its claim against Sherwin than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made.

22. By reason of the foregoing, Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

## COUNT II – TO RECOVER AVOIDED TRANSFERS
## PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

25. Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## COUNT III – DISALLOWANCE OF CLAIMS
## PURSUANT TO SECTIONS 502(d) and (j) OF THE BANKRUPTCY CODE

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. Defendant is a transferee of transfers avoidable under section 547 the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

28. Defendant has not paid the amount of the Avoidable Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

29. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer, plus interest thereon and costs.

30. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant, and/or its assignee, against the Debtors' Chapter 11 estates previously allowed against the Debtors, must

be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

30289059

C.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

By:  /s/ Nathaniel Peter Holzer

Shelby A. Jordan
Tx. State Bar No. 11016700
S.D. Tx. Adm. 2195
Nathaniel Peter Holzer
Tx. State Bar No. 00793971
S.D. Tx. Adm. 21503
Antonio Ortiz
Tx. St. Bar No. 24074839
S.D. Tx. Adm. 1127322
**JORDAN, HYDEN, WOMBLE,**
**CULBRETH & HOLZER P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401-0341
Telephone:	(361) 884-5678
Facsimile:	(361) 888-5555
Email:	sjordan@jhwclaw.com
	pholzer@jhwclaw.com
	aortiz@jhwclaw.com

-and-

Steven J. Reisman (admitted *pro hac vice*)
Shaya Rochester (admitted *pro hac vice*)
James V. Drew (admitted *pro hac vice*)
**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:	(212) 696-6000
Facsimile:	(212) 697-1559
Email:	sreisman@curtis.com
	srochester@curtis.com
	jdrew@curtis.com

*Counsel for Corpus Christi Alumina LLC*